IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Jackson October 4, 2011

### STATE OF TENNESSEE v. JOSHUA DAVID McBURNETT

**Direct Appeal from the Circuit Court for Marshall County**
**No. 2010-CR-132     Robert G. Crigler, Judge**

_____

**No. M2011-00384-CCA-R3-CD - Filed January 27, 2012**

_____

The Defendant, Joshua David McBurnett, pled guilty to five counts of statutory rape by an authority figure and three counts of incest, Class C felonies. See T.C.A. §§ 39-13-532, 39-15-302 (2010). The trial court sentenced the Defendant to four concurrent terms of four years' confinement for two counts of statutory rape and two counts of incest, two concurrent terms of five years' confinement for one count of statutory rape and one count of incest, and two concurrent terms of six years' confinement for the remaining two counts of statutory rape. The trial court imposed partial consecutive sentencing yielding an effective fifteen-year sentence. On appeal, the Defendant contends that his fifteen-year sentence is excessive.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Clifford K. McGown, Jr. (on appeal), Waverly, Tennessee; Donna Hargrove, District Public Defender, and William J. Harold, Assistant Public Defender, (at trial and on appeal), Lewisburg, Tennessee, for the appellant, Joshua David McBurnett.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant pled guilty to an eight count indictment. Counts one and two, statutory rape by an authority figure and incest, related to events that occurred between October 15, 2006, and December 31, 2006. Counts three and four, statutory rape by an authority figure

and incest, related to events that occurred in 2007. Counts five and six, statutory rape by an authority figure and incest, related to events that occurred in 2008. Count seven, statutory rape by an authority figure, related to events that occurred in 2009. Count eight, statutory rape by an authority figure, related to events that occurred on September 6, 2010. According to the State's recitation of the facts at the guilty plea hearing:

> The law enforcement was contacted and learned . . . that the [D]efendant and the victim's mother were married, which would make [the victim the Defendant's] step-daughter during that period of time. . . . [B]efore this information came to light . . . the two had divorced.
>
> The victim was called in and admitted that she had been having sexual relations with the [D]efendant, her then-step-father since she was age 13. Bob Johnson asked the [D]efendant . . . to come in. [The Defendant] gave a verbal and a written statement.
>
> The verbal statement says:
>
> I, Joshua McBurnett, committed a crime by having sex with [J.H.], who is the victim. The last occasion was Labor Day.
>
> . . . .
>
> I had visitation twice a month with the kids. Sexual activity was normal around two or three times a month. It all began when she was 13. Michelle and I were already married. And when the relationship began it continued until the divorce and thereafter.

At the sentencing hearing, Charles Brandon testified that he prepared the Defendant's presentence report. He said the Defendant admitted his involvement with the victim and "felt sorry" for the impact the relationship had on the victim. He said the Defendant admitted the sexual relationship occurred over a four-year period. He agreed the Defendant was honest when answering his questions. He agreed the victim told law enforcement that she loved the Defendant.

Mr. Brandon testified that the Defendant was convicted of theft of services under $10,000 in 2006 and sentenced to probation. He said the Defendant was convicted of assault in 1996 and sentenced to probation. In 1997, the Defendant violated the terms of his probation. The Defendant was on probation when he committed the instant offenses. He

said the Defendant completed the eleventh grade and had two biological daughters. The Defendant had a steady work history until his arrest.

On cross-examination, Mr. Brandon testified that the Defendant was cooperative and honest during his interview. He said that the Defendant was eighteen years old in 1996 and that the assault charge was the product of a fight with a fellow student. He agreed the Defendant's probation was extended due to his inability to pay fines and fees. He said the Defendant claimed that his step-father physically and emotionally abused him.

The victim's mother testified that she had a relationship with the Defendant for ten years and that they were married for six years. She said the victim was approximately thirteen years old when the victim's sexual relationship with the Defendant began. She said that she was unaware of the Defendant's relationship with the victim and that their divorce was for unrelated reasons. She said that after she and the Defendant separated, the Defendant wanted to continue to see her three children. She said the Defendant was the only father her children had known because the biological father left when her youngest child was five months old. She agreed to the Defendant's visitation.

The victim's mother testified that she and the Defendant divorced when the victim was fifteen years old. She became suspicious when the victim told her that she might move into the Defendant's house when she turned eighteen years old because she was in love with the Defendant. The victim's mother contacted law enforcement and took the victim to meet Detective Bob Johnson. The victim admitted her relationship with the Defendant to Detective Johnson. She said the Defendant's relationship with the victim caused her three children to have "issues with each other" and that the victim's brothers alternated between blaming and supporting the victim. She said the victim received counseling and was depressed. The victim's mother wanted the Defendant out of their lives.

The trial court stated that in determining the Defendant's sentence, it considered evidence from the plea and sentencing hearings, the presentence report, the principles of sentencing, counsel's arguments, the nature and character of the Defendant's conduct, and the Defendant's potential for rehabilitation and treatment. The court found that the Defendant was not eligible for probation or judicial diversion under Tennessee Code Annotated section 36-13-532(b) (2010). The court refused to grant the Defendant community corrections release because it found that confinement was necessary due to the seriousness of the offenses committed and to prevent depreciating the seriousness of the offenses. The court found that less restrictive measures than confinement were unsuccessful for previous offenses. The court found that the Defendant's conduct was abhorrent and reprehensible. The court found that the Defendant was a Range I, standard offender.

In determining the length of the individual sentences, the trial court found enhancement factors (1), (8), and (13) applicable. See T.C.A. §§ 40-35-114(1) (2010) ("The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"), -114(8) ("The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community"), -114(13)(C) (at the time the felony was committed, the defendant was released on probation).

The trial court placed great weight on enhancement factor (1) and found that the Defendant had both prior convictions and criminal behavior. It found that although the Defendant did not have a long history of criminal convictions, the Defendant had an extensive history of criminal conduct. The court relied on the Defendant's statement that the sexual activity occurred two to three times per month from 2006 to 2010. The relationship began when the victim was thirteen years old and ended when the victim was seventeen years old. The court concluded that the four years in which the sexual activity occurred was sufficient proof of an extensive history of criminal conduct. The court found enhancement factor (8) applied because the Defendant was on probation in 1996 but violated the conditions of his probation in 1997. The trial court noted that the disposition of the probation violation was forty-eight hours of community service and that the violation was not serious. The court found enhancement factor (13)(C) applied because the Defendant was on probation at the time of the offenses in this case. The court found that the Defendant was convicted of theft of services less than $10,000 in November 2006, that the Defendant was sentenced to three years' probation, and that the probation was extended in 2009 to give the Defendant additional time to pay court obligations.

The trial court gave minimal weight to mitigating factor (1) in that the Defendant's conduct neither caused nor threatened serious bodily injury. See T.C.A. § 40-35-113(1). The court found mitigating factor (13) applied because the Defendant confessed to the offenses and pled guilty in an open plea agreement, leaving sentencing to the discretion of the trial court. See T.C.A. § 40-35-113(13) (2010). It found that the facts of the case, the Defendant's response to the accusations, and the effect of the Defendant's conduct on the victim were disturbing.

The trial court determined that some consecutive sentencing was appropriate because the Defendant was on probation at the time he committed the offenses and because the Defendant had an extensive history of criminal conduct. See T.C.A. § 40-35-115(b)(2), (b)(6) (2010). The court found that factor (2) applied because although the Defendant did not have many prior convictions, the Defendant's conduct occurred over a four-year period. The trial court found that the Defendant had an extensive history of criminal behavior. See T.C.A. § 40-35-115(b)(2). The trial court did not apply factor (5) regarding two or more

statutory offenses involving sexual abuse of a minor because the State did not present psychological testimony about the impact of the sexual relationship on the victim, although the court thought there had been impact. See T.C.A. § 40-35-115(b)(5). The court sentenced the Defendant to four concurrent terms of four years' confinement on counts one through four, two concurrent terms of five years' confinement on counts five and six, and two concurrent terms of six years' confinement on counts seven and eight. The court made each group of concurrent terms consecutive to each other, resulting in an effective fifteen-year sentence. This appeal followed.

The Defendant contends that his fifteen-year sentence is excessive because the trial court erred by concluding that consecutive sentencing was appropriate on the sole basis that the Defendant was on probation at the time he committed the offenses. He argues that although the trial court stated that it was not relying on Tennessee Code Annotated section 40-35-115(b)(5) as a basis for consecutive sentencing, the trial court "subconsciously" sought a method of imposing consecutive sentencing. He argues that the trial court improperly relied on the four-year period of sexual activity to conclude that the Defendant had an extensive history of criminal conduct. The State contends that the trial court's finding that the Defendant was on probation at the time the offenses were committed was sufficient to support consecutive sentences and the effective fifteen-year sentence. The State also notes, though, that the trial court properly found that the Defendant had an extensive history of criminal conduct as an additional basis for imposing consecutive sentences. We agree with the State that the trial court did not err in sentencing the Defendant.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d), -402(d) (2010). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "'the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991)). In this respect, for the purpose of meaningful appellate review, the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor

found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994); see T.C.A. § 40-35-210(e) (2010).

Also, in conducting a de novo review, we must consider (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986). The record reflects that the trial court followed the appropriate procedures in sentencing. The Defendant has not identified inappropriately applied enhancement factors or omitted mitigating factors, nor are any apparent.

With respect to the court's imposition of partially consecutive sentences, the determination of concurrent or consecutive sentences is a matter left to the discretion of the trial court and should not be disturbed on appeal absent an abuse of discretion. State v. Blouvet, 965 S.W.2d 489, 495 (Tenn. Crim. App. 1997). Consecutive sentencing is guided by Tennessee Code Annotated section 40-35-115(b) (2010), which states in pertinent part that the court may order sentences to run consecutively if it finds by a preponderance of the evidence that:

> (2) The defendant is an offender whose record of criminal activity is extensive; [or]
>
> (6) The defendant is sentenced for an offense committed while on probation.

Only one criterion is needed to support consecutive sentences. State v. Mickens, 123 S.W.3d 355, 394 (Tenn. Crim. App. 2003).

The record shows that the Defendant was sentenced to three years' probation for theft of services under $10,000 in 2006 and was on probation when he committed the present offenses. The trial court found that the Defendant's criminal behavior was extensive based on the length of the Defendant's sexual relationship with the victim.

Although the Defendant's being on probation at the time of the instant offenses was sufficient for the trial court to order consecutive sentences, the record shows that the sexual

relationship between the Defendant and the victim occurred over a four-year period. The trial court properly relied on the four-year period of sexual activity to conclude that the Defendant had an extensive history of criminal conduct. <u>See</u> <u>State v. Jennifer Lynn Stinnett</u>, No. M2007-01802-CCA-R3-CD, Marshall County (Tenn. Crim. App. July 2, 2008) (trial court's reliance on the number of offenses and length of time over which the offenses were committed during sentencing is not improper). The sentences were proper, and the Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE